UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

FRANK W. VALVA,                              )
                                             )
                    Plaintiff,               )        Case  No. EDCV 11-01004  AJW
                                             )
          v.                                 )        MEMORANDUM OF DECISION
                                             )
MICHAEL J. ASTRUE,                           )
Commissioner of the Social                   )
Security Administration,                     )
                                             )
                    Defendant.               )
_____)

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income ("SSI")  benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

Plaintiff filed his application for benefits on March 16, 2007, alleging that he had been disabled since1999 due to paranoia, schizophrenia, hearing voices, and depression. [JS 2; Administrative Record ("AR") 169]. In a September 15, 2009 hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge ("ALJ") found that plaintiff had a psychotic disorder that was severe. [AR 19].  The ALJ found plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels, and that he had nonexertional mental limitations restricting him to unskilled,

1   nondetailed tasks requiring one and two-part instructions in a nonpublic setting. [AR 20].  The ALJ found

2   that plaintiff's RFC did not preclude him from performing work available in significant numbers in the

3   national economy. Accordingly, the ALJ concluded that plaintiff was not disabled. [AR 24-25].

**Standard of Review**

5   The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial

6   evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir.

7   2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  "Substantial evidence" means "more than

8   a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir.

9   2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

10  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is

11  required to review the record as a whole and to consider evidence detracting from the decision as well as

12  evidence supporting the decision.  Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006);

13  Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than

14  one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

15  Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th

16  Cir.1999)).

**Discussion**

**Nonexamining physician's opinion**

19  Plaintiff contends that the ALJ improperly ignored a limitation to "low-stress" work found in the

20  opinion of nonexamining state agency physician H. Amado, M.D.

21  Dr. Amado completed a Psychiatric Review Technique ("PRT") form and a Mental RFC Assessment

22  form. [AR 342-356].  The PRT form includes a section with the heading "Consultant's Notes" containing

23  a narrative assessment.   [AR 352].  In the second paragraph of that section, Dr. Amado wrote that the

24  evidence of record supports the existence of a mental impairment that would not preclude "at least unskilled

25  work activity in a low-stress, non-public setting." [AR 352].  In an "Addendum" dated August 13, 2007,

26  Dr. Amado noted that the first two paragraphs in that section had been written earlier, on July 26, 2007, and

27  that additional treating source medical evidence subsequently had been received and reviewed.  Dr. Amado

28  stated that "the prior recommendation for SRT/NP [simple repetitive tasks/non-public] work activity is

1   unchanged by the additional evidence received." [AR 352 (alteration and footnoted added)].

2   On reconsideration, a nonexamining state agency psychiatrist, Barbara Smith, M.D., concluded that

3   plaintiff "is capable of performing unskilled non[-]detailed tasks requiring one and two part instructions in

4   a non[-]public setting." [AR 399].  Dr. Smith also said that she had "reviewed all the evidence in the file

5   and the assessment of 8/13/2007 is affirmed as written." [AR 399].

6   In his summary of the evidence from the "State Agency review psychiatrists," the ALJ, citing Dr.

7   Smith's report, said that plaintiff "would be capable of performing unskilled, nondetailed tasks requiring

8   one-and two-part instructions in a nonpublic setting." [AR 23 (citing AR 399)]. The ALJ did not mention

9   a limitation to a "low-stress" setting or cite specifically to Dr. Amado's opinion containing that limitation.

10  The ALJ concluded that "the State Agency opinion [is] more consistent with the record as a whole" and

11  gave "the greatest weight to the opinion of the State Agency." [AR 23].

12  Plaintiff contends that the ALJ erred in ignoring the limitation to "low-stress" work that appears in

13  Dr. Amado's narrative assessment on the PRT.  Plaintiff argues that this omission was error because the ALJ

14  had an obligation to explain the weight he gave Dr. Amado's opinion, and because Dr. Smith "incorporated

15  and adopted the opinions of Dr. Amado." [JS 6].

16  An ALJ is "not bound by any findings made by State agency medical or psychological consultants"

17  but must consider and evaluate their findings "using the relevant factors in paragraphs (a) through (e) of [20

18  C.F.R. §§ 404.1527, 416.927], such as the consultant's medical specialty and expertise in our rules, the

19  supporting evidence in the case record, supporting explanations the medical or psychological consultant

20  provides, and any other factors relevant to the weighing of the opinions," and "must explain in the decision

21  the weight given to the opinions of a State agency medical or psychological consultant . . . ." 20 C.F.R. §§

22  404.1527(f)(2)(i), 416.927(f)(2)(i); see also SSR 96-6p, 1996 WL 374180, at *1-*2; Sawyer v. Astrue, 303

23  Fed. Appx. 453, 455 (9th Cir.2008) ("An ALJ is required to consider as opinion evidence the findings of

24  state agency medical consultants; the ALJ is also required to explain in his decision the weight given to such

25  opinions.").

26  The ALJ's failure to acknowledge or adopt Dr. Amado's limitation to work in a "low-stress" setting

27  was not legal error.  Dr. Amado's opinion is somewhat ambiguous.  On July 26, 2007, Dr. Amado found

28  that plaintiff was restricted to work in a low-stress, nonpublic setting, but on August 13, 2007, Dr. Amado

1    said that "the prior recommendation for [simple repetitive tasks/nonpublic] work activity is unchanged . .

2    . ." [AR 352].  Dr. Amado's use of these two formulations interchangeably to describe plaintiff's RFC

3    suggests that the limitation to work in a "low-stress" setting was cumulative and not material.

4         That conclusion is bolstered by Dr. Smith's opinion. She opined that plaintiff was capable of work

5    in a nonpublic setting, and she also said that she was affirming Dr. Amado's opinion "as written." [AR 299].

6    Those statements are reconcilable only if Dr. Smith concluded that her assessment adequately captured the

7    limitations Dr. Amado described  Given Dr. Amado's use of the "simple repetitive tasks/nonpublic"

8    formulation, that interpretation of Dr. Amado's opinion was reasonable. Burch, 400 F.3d at 679 ("Where

9    evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be

10   upheld.").

11        Even if Dr. Smith misinterpreted Dr. Amado's opinion, Dr. Smith's opinion constitutes substantial

12   evidence supporting the ALJ's RFC assessment.  Dr. Smith said that she "reviewed all the evidence in

13   [plaintiff's] file," and she unequivocally found that plaintiff could perform unskilled, nondetailed tasks

14   requiring one or two part instructions in a nonpublic setting. [AR 399].  See Thomas, 278 F.3d at 957 ("The

15   opinions of . . . non-examining physicians may also serve as substantial evidence when the opinions are

16   consistent with independent clinical findings or other evidence in the record."). Accordingly, plaintiff's

17   contentions lack merit.[1]

18   **Conclusion**

19        The Commissioner's decision is supported by substantial evidence and is free of legal error.

20   Accordingly, the Commissioner's decision is **affirmed.**

21   **IT IS SO ORDERED.**

22   April 24, 2012

23

24   _____

25   ANDREW J. WISTRICH
     United States Magistrate Judge

26

27      [1]    Additionally, plaintiff does not contend that any of the jobs identified by the ALJ to support

28   his finding of nondisability at step five (bus cleaner, nut sorter, and cleaner [AR 24]) would be
     precluded even if the ALJ erred in failing to include a limitation to work in a low-stress setting.